Rockingham,
No. 5036.

NEWINGTON

*v.*

CAMPANELLA & CARDI CONSTRUCTION CO., INC.

Argued June 6, 1962.

Decided July 16, 1962.

*Boynton, Waldron & Dill* and *Glen E. Graper* (*Mr. Graper* orally), for the plaintiff.

*Fisher, Parsons & Moran* (*Mr. Harold D. Moran* orally), for the defendant.

WHEELER, J. The question presented is whether interest shall be assessed on the verdict under the provisions of RSA 524:1; RSA 524:1-a or under RSA 76:13.

In the previous transfer of this case (*Newington v. Campanella Construction Co.*, 103 N. H. 211) we sustained a verdict of $1,250 for timber yield taxes due under RSA ch. 79. Among other provisions, said chapter provides that "said tax shall constitute a lien upon all real estate of the owner on the date of assessment and may be enforced and collected by any appropriate means provided for the collection of taxes in chapter 80 of this title . . . and shall be subject to the same interest as general property taxes." RSA 79:12. See RSA 79:6 (supp).

RSA 76:13 provides: "INTEREST. Interest at six per cent shall be charged upon all taxes not paid on or before December first, after their assessment, from that date, which shall be collected with the taxes incident thereto."

One of the methods permitted for the collection of taxes is by suit at law which was followed by the plaintiff in this instance. RSA 80:50. Since the statute (RSA 76:13) makes special provision for interest on taxes not paid on December first after their assessment, we think this provision must control rather than the general provision for interest on judgments for debt or where liquidated damages are sought. RSA 524:1; RSA 524:1-a.

It follows that the computation of interest must be governed by the provisions of RSA 76:13.

*Remanded.*

All concurred.